**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000691**
**22-SEP-2017**
**09:10 AM**

NO. CAAP-16-0000691

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KEONI C. PETERS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KANE'OHE DIVISION
(CASE NO. 1DTA-15-01728)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Keoni C. Peters (Peters) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on August 24, 2016 in the District Court of the First Circuit, Kane'ohe Division (District Court).[1]

Peters was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) §291E-61(a)(1) (Supp. 2014).[2]

On appeal, Peters contends there was insufficient evidence to convict him of OVUII. Specifically, he contends that

---

[1]   The Honorable Philip M. Doi presided.

[2]   **HRS §291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

there was insufficient evidence to prove that he was impaired by alcohol to the extent necessary to establish the offense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Peters' point of error as follows:

In considering the evidence adduced at trial in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (citation omitted), we conclude that there was substantial evidence to support Peters' conviction for OVUII. Any lay witness, including a police officer, may testify about his or her observations and provide an opinion about sobriety. State v. Ferrer, 95 Hawaiʻi 409, 429, 23 P.3d 744, 764 (App. 2001) (citing State v. Toyomura, 80 Hawaiʻi 8, 26-27, 904 P.2d 893, 911-12 (1995).

Sergeant Robert Beatty (Sergeant Beatty) testified he observed that a vehicle Peters was operating was speeding and weaving back and forth on Kamehameha Highway, which is a public road, street, or highway. Peters repeatedly crossed a double solid yellow line on the driver's side and crossed a broken white line on the passenger's side for half a mile. When Sergeant Beatty turned on his lights to pull Peters over, Peters stopped quickly and turned right into Kaneohe Bay Shopping Center, without any warning, from the second lane. As a result of the abrupt turn by Peters, Sergeant Beatty testified he had to hit the brakes to avoid hitting the back of the vehicle Peters was driving. After stopping Peters, Sergeant Beatty detected a very strong odor of an alcoholic beverage on Peters' breath and noticed Peters had very bloodshot and glassy eyes and that his speech was slurred. Based on his experience of nearly a thousand DUI investigations, he believed Peters was intoxicated.

We conclude the foregoing, taken together, is substantial evidence to show that Peters was under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for the person and guard against casualty.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on August 24, 2016 in the District Court of the First Circuit, Kaneʻohe Division is affirmed.

DATED: Honolulu, Hawaiʻi, September 22, 2017.

On the briefs:

Diamond Grace,
Deputy Public Defender,
for Defendant-Appellant.

Jonathan K.D. Tungpalan,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge